IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CHRISTOPHER GRANT DANIELS,

     Plaintiff,

v.                                                     Civil Action No. 1:25-cv-00049

BYTEDANCE INC. d/b/a TIKTOK,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER GRANT DANIELS (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, BYTEDANCE INC. d/b/a TIKTOK (hereinafter sometimes referred to as "Defendant"), and in support thereof state as follows:

## SUMMARY

1. Defendant operates a social media platform providing ad services to clients throughout the United States. Defendant employed Plaintiff as a Client Solutions Manager and failed to pay Plaintiff the appropriate overtime wages in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.*

## INTRODUCTION

2. This is an action by Plaintiff against his employer for unpaid wages and liquidated damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

## JURISDICTION

3.      This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant maintains an office in Austin, Travis County, Texas and a substantial part of the events giving rise to this matter occurred in Austin, Travis County, Texas.

## THE PARTIES

5.      Plaintiff, CHRISTOPHER GRANT DANIELS, is an individual residing in Travis County, Texas.

6.      Plaintiff, CHRISTOPHER GRANT DANIELS, was employed by Defendant from November 14, 2022 to August 11, 2023 as a Client Solutions Manager at an annual base salary of $88,000.00 per year.

7.      Defendant, BYTEDANCE INC. d/b/a TIKTOK, is a foreign for-profit corporation formed in Delaware and registered to do business in the state of Texas.

## COMMON FACTS

8.      Defendant has employees subject to the provisions of 29 U.S.C. § 206.

9.      At all times material, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. Throughout Plaintiff's employment, Defendant, BYTEDANCE INC. d/b/a TIKTOK, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Throughout Plaintiff's employment with Defendant, Plaintiff utilized, handled and otherwise engaged in interstate commerce via telephone calls, e-mails, and videocalls with customers outside the state of Texas. Additionally, Plaintiff was required to travel to New York for client meetings.

12. Throughout Plaintiff's employment with Defendant, Defendant was the employer of Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

13. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendant's business activities. Specifically, Plaintiff routinely utilized interstate mail, telephone calls, and internet communication as a regular and recurring part of his job duties while employed by Defendant.

14. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (OVERTIME)

15.    Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

16.    The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks. Although Plaintiff's assigned schedule was Monday through Friday from approximately 8:00 a.m. or 9:00 a.m. to 4:00 p.m. or 5:00 p.m., Plaintiff's work typically required that he begin work prior to his scheduled start time, work through lunches, work late, and frequently work weekends. Plaintiff worked an estimated 60-70 hours per workweek during his employment with Defendant.

17.    Defendant's policy of not properly paying overtime is company-wide and was willful.

18.    Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

19.    Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

20.     As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

WHEREFORE, Plaintiff, CHRISTOPHER GRANT DANIELS, demands Judgment against Defendant for the following:

a.     Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b.     Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c.     Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law; and

d.     Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CHRISTOPHER GRANT DANIELS, demands a jury trial on all issues so triable.

Respectfully submitted January 10, 2025,

**ROSS SCALISE BEELER AND PILLISCHER**

*/s/ Brandie A. Moser*
**BRANDIE A. MOSER**
Texas Bar No. 24123223
**CHARLES L. SCALISE**
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
brandie@rosslawgroup.com
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**

6